IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kadisha Smith, | ) | C.A. No. 7:06-142-HMH |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| vs. | ) | |
| | ) | |
| United Parcel Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Kadisha Smith's ("Smith") motion to voluntarily dismiss this action without prejudice against United Parcel Service, Inc. ("UPS") under Rule 41(a)(2) of the Federal Rules of Civil Procedure. In this action, Smith seeks to recover wages under the terms of a collective bargaining agreement ("CBA") applicable to UPS's union employees.

On January 13, 2006, UPS filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. UPS contends that Smith's claims must be dismissed because her complaint does not allege that she has exhausted the grievance or arbitration remedies in the CBA as required by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 et seq., and that the union breached its duty of fair representation. (UPS Mot. Dismiss 1-2.) Further, UPS argues that Smith's breach of contract and South Carolina Wage Payment Act claims (hereinafter "state claims") are preempted by § 301. (Id.)

On February 15, 2006, Smith filed the instant motion to voluntarily dismiss her claims without prejudice under Rule 41(a)(2) to allow her to exhaust her remedies under the CBA. UPS opposes Smith's motion in part. UPS consents to the dismissal of Smith's claim under

1

§ 301 without prejudice, but alleges that her state claims must be dismissed with prejudice because they are preempted by § 301. (UPS's Mem. Opp'n Pl.'s Mot. Dismiss 2.)

"A plaintiff's motion under Rule 41(a)(2) for voluntary dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Four factors that the court can consider in deciding a motion to voluntarily dismiss an action are: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Gross v. Spies, Nos. 96-2146, 96-2203, 96-2150, 96-2149, 96-2147, 96-2204, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998) (unpublished).[1] After consideration of these factors, the court finds that UPS has not suffered substantial prejudice because (1) this litigation is in the early stages; (2) there has been no excessive delay on Smith's part in seeking a voluntary dismissal; and (3) the parties have not engaged in discovery or trial preparation. As such, the court finds that this action should be dismissed without prejudice.

---

[1] The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned cases is relevant and appropriate.

Therefore, it is

**ORDERED** that Smith's motion to voluntarily dismiss this action without prejudice, document number 15, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
March 2, 2006